# IN THE COURT OF APPEALS OF IOWA

No. 15-2180
Filed February 22, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MCKINLEY DUDLEY JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

McKinley Dudley Jr. challenges the legality of his sentence. **AFFIRMED.**

Thomas M. McIntee, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Bower, P.J., McDonald, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

McKinley Dudley Jr. contends the sentences imposed upon his convictions for two felony controlled-substance offenses committed as an habitual offender are illegal.

A defendant may challenge an illegal sentence at any time. *State v. Bruegger*, 773 N.W.2d 862, 871-72 (Iowa 2009).

In *State v. Young*, 863 N.W.2d 249, 281 (Iowa 2015), our supreme court held:

> [U]nder article I, section 10 of the Iowa Constitution, an accused in a misdemeanor criminal prosecution who faces the possibility of imprisonment under the applicable criminal statute has a right to counsel. When a right to counsel has not been afforded, any subsequent conviction cannot be used as a predicate to increase the length of incarceration for a later crime.

In 2010, Dudley was convicted of two felony controlled-substance offenses.[1] Dudley claims the sentences imposed upon those convictions are illegal under *Young* because the predicate convictions were improperly enhanced with an uncounseled misdemeanor. We need not decide whether *Young* would apply retroactively. For each controlled-substance count with which Dudley was charged, the trial information listed four predicate controlled-substance convictions—January 1998, April 2002, October 2006, and April 2008.[2] Dudley

---

[1] We affirmed these convictions and sentences on direct appeal, though we reversed on a third count. *State v. Dudley*, No. 11-0413, 2012 WL 170738, at *6 (Iowa Ct. App. Jan. 19, 2012). We have previously rejected Dudley's claim the sentences constituted cruel and unusual punishment. *Dudley v. State*, No. 13-1754, 2014 WL 7343432, at *6-9 (Iowa Ct. App. Dec. 24, 2014).

[2] Each of the counts also listed seven prior felony convictions supporting the habitual-offender enhancement: May 1984 (second-degree burglary), January 1992 (second-degree burglary), August 1998 (forgery), August 1999 (second-degree theft), July 17, 2002 (operating while intoxicated on 10/27/2001, third offense), July 25, 2002 (operating

asserts the April 2002 conviction was an uncounseled plea, which cannot be used to enhance punishment. But Dudley does not challenge the other three predicate controlled-substance convictions, which support an enhancement. Consequently, *Young* is of no consequence, and we reject Dudley's claim the sentences are illegal.

**AFFIRMED.**

---

while intoxicated on 2/4/2002, third offense), and October 2009 (operating while intoxicated on 3/5/2009, third or subsequent offense).